### SHERRILL v. TUBBS. (No. 9329.)

(Court of Civil Appeals of Texas. Dallas. Feb. 7, 1925. Rehearing Denied March 21, 1925.)

**1. Appeal and error ⬅➡920(1)—In absence of objection to order dispossessing mortgagee of chattels seized, presumption of acquiescence indulged.**

Where court ordered return of chattels seized by mortgagee on execution of bond, and no objection appeared to have been made to such order, presumption of acquiescence in order will be indulged.

**2. Bonds ⬅➡48—Whether intent is to make obligation of bond absolute must be determined from bond itself.**

Whether intention is to make obligation of bond absolute, so as not to permit excuse for nonperformance, must be determined from bond itself.

**3. Bonds ⬅➡60—Bond to secure possession of chattels seized by mortgagee held not absolute.**

Where chattels seized by mortgagee were returned to mortgagor pending injunction suit by mortgagor on execution of bond conditioned on properly caring for property during pendency of suit and holding same subject to order of court, such bond held only to require due care of property, and not entail liability where destroyed by fire through no fault of guarantors.

Appeal from District Court, Dallas County; Royall R. Walkins, Judge.

Action by S. F. Tubbs against Mrs. Etta Sherrill, in which defendant filed cross-bill. From a judgment for defendant for only part of relief sought, she appeals. Affirmed.

R. J. Thorne and L. E. Elliott, both of Dallas, for appellant.

John W. Craig, of Dallas, for appellee.

JONES, C. J. Appellant recovered judgment in the district court against appellee in the sum of $520.80, together with the foreclosure of a chattel mortgage lien on household and kitchen furniture securing the amount of a note executed by appellee and his wife, Mrs. S. F. Tubbs, in the principal sum of $300, but denied appellant recovery on a bond executed by appellee pending the litigation. The remainder of the judgment being on an unsecured claim of $149, judgment of foreclosure only was rendered against Mrs. S. F. Tubbs. Appellant has duly perfected her appeal from such judgment, because of the denial of a recovery on said bond.

Some time after the execution of said note and mortgage, appellant took possession of the household and kitchen furniture described therein under the terms of said mortgage, whereupon, appellee filed suit in the district court of Dallas county for damages and for an injunction, and appellant, after answering said suit of appellee, also filed a cross-action against appellee and his said wife, asking for the relief granted in the above-described judgment. During the pendency of this litigation, the court in which the suit was filed entered the following order:

"The defendant is directed to deliver to the plaintiff the personal property in question, when the plaintiff shall have executed a good and sufficient bond in the sum of $500, conditioned that said property will be properly cared for and held until further orders of this court."

The bond authorized by this order was duly executed by appellee with four other parties as sureties. The condition in said bond follows the order of the court in reference thereto, and is as follows:

"* * * Now, therefore, if the said S. F. Tubbs shall hold said property and shall properly care for same during the pendency of this suit, holding the same subject to the orders of this court, then in such event this obligation shall be null and void; but, otherwise, to remain in full force and effect."

The bond is not authorized by any statute of this state, and therefore creates only a common-law obligation. This bond was ap-

proved by the clerk and filed on August 15, 1923, and the property described in the mortgage, then in possession of appellant, as mortgagee, was delivered by appellant to appellee as mortgagor. The property described in the mortgage and delivered to appellee is found by the court to have been of the value of $600. When appellee received the property under the condition of said bond, he removed same to a storage warehouse, where it remained until September 2, 1923, when it was destroyed by fire. It is agreed that neither appellee nor any surety on his bond was in any way responsible for the origin of said fire, and that said fire did not occur through any act of negligence on the part of appellee.

After the destruction of the property, appellant amended her cross-action, and sought the additional relief of a recovery on the bond against appellant as principal and against the sureties on same. Because of the denial of such recovery, appellant brings the case on proper assignment of error to this court for review.

[1] The sole question for determination is, whether the court erred in denying appellant recovery on the bond. While the bond was executed in favor of appellant under an order of the court and her possession of the mortgaged property taken away by virtue of said order, it does not appear that she resisted the entry of said order, or in any way challenged the right of the court to thus dispossess her of said property, and the presumption is authorized that she acquiesced in such order.

[2, 3] It is contended, on the one hand, that the obligation created by the bond is an absolute one, and unqualifiedly commands appellee to hold the property to await the judgment of the court; and that, therefore, the intervening impossibility to do so produced by the fortuitous circumstance of the fire is no defense to this action for its breach. It is contended, on the other hand, that the bond does not create an obligation so absolute in terms that there could exist no excuse for nonperformance; and that as the fire admittedly happened through no negligence of either the principal on the bond or the sureties thereon, no actionable breach resulted from the consequent failure of performance, and there can be no recovery on the bond. As to which of these contentions is correct must be determined by what reasonably appears to have been the intention of the obligor and the obligee when the bond was executed, and this intention must be determined from the bond.

From the above statement, it appears that the foundation of the bond was the transferring of the possession of the property to appellee pending the litigation between the parties. Appellee is given this possession on condition that he will make appellant safe through the assurance of the bond, which is only to the extent that proper care of the property is guaranteed while it is in his possession. The court did not require appellee absolutely to guarantee that the property would be forthcoming at the trial of the case. The requirement in this respect is that appellee "shall hold said property and shall properly care for same during the pendency of this suit," and, further, that such holding shall be subject to the order of the court. The phrase, "properly care for same," means that appellee would exercise such care as an ordinary prudent person under the same or similar circumstances would have exercised to prevent injury to, or destruction of, said property. The effect of the agreed statement of facts in this respect is that appellee exercised such care, and that, notwithstanding such care on his part, destruction of the property resulted from another agency while he was holding same subject to the order of the court. We therefore conclude that no recovery can be had on the bond under this agreed statement.

As this is the only issue, it follows that this case must be affirmed.

Affirmed.